IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| V. | : CRIMINAL NUMBER 18-00249-002 |
| | : |
| ABDUL WEST | : |

**O R D E R**

AND NOW, this day of            , 2021, upon consideration of the Defendant's Motion in Limine to Preclude Testimony at Sentencing, and the government's response thereto, it is hereby ORDERED that the Defendant's Motion is GRANTED. The government shall not be permitted to introduce any victim statements or live testimony with regard to the death of Robert Johnson, at sentencing in the above-captioned matter.

THE HONORABLE MICHAEL M. BAYLSON
Senior United States District Court Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| V. | : | **CRIMINAL NUMBER 18-00249-002** |
| | : | |
| **ABDUL WEST** | : | |

## DEFENDANT'S MOTION IN LIMINE
## TO PRECLUDE TESTIMONY AT SENTENCING

Abdul West, by and through counsel undersigned, hereby moves to preclude the government from introducing any victim impact statements or testimony regarding the death of Robert Johnson at sentencing, and in support thereof states as follows:

1. On November 19, 2019, Mr. West was found guilty by a jury of conspiracy in violation of 21 U.S.C. §§ 846 (Count 1); distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1) (Counts 4, 5); possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) (Counts 6, and 12).

2. Sentencing is set for April 15, 2021.

3. By email dated April 13, 2021, the government advised the Court and defense counsel of its intent to present at least one family member of Robert Johnson at Mr. West's sentencing. The government's cooperating witness, charged with the murder of Robert Johnson, claimed at trial that Mr. West was involved in Johnson's death. The government asserts that the family members' statements to the Court are admissible pursuant to the Crime Victim's Rights Act, 18 U.S.C. § 3771 and the sentencing statute at 18 U.S.C. § 3661.

4. In response, defense counsel objected, given that it is Dontez Stewart, the government's witness, and not Mr. West who was charged with the murder of Robert Johnson in the Philadelphia Court of Common Pleas, and entered a reduced plea to third degree murder.

5. Mr. West has never been charged with the murder of Mr. Johnson, much less convicted. The testimony of Stewart at trial did not bear sufficient indicia of reliability to establish any connection between Mr. West and the death of Mr. Johnson.

6. Neither the indictment nor the jury verdict establish any nexus between Mr. West, the instant offenses, and the death of Mr. Johnson.

7. For this reason, neither Mr. Johnson nor his family meet the definition of "crime victim" as it applies to the instant matter, and the statements of Mr. Johnson's family are not admissible pursuant to the CVRA. Because they are not relevant to Mr. West or his conduct, they are likewise not relevant or admissible pursuant to 18 U.S.C. § 3661.

8. Should the Court not be inclined to grant Mr. West's motion on the filing, counsel asks, in the alternative, for a continuance of sentencing and leave to submit additional briefing on admissibility of this evidence. U.S.S.G. § 6A1.3(a) ("When any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present information to the court regarding that factor.")"

WHEREFORE, for the foregoing reasons, Mr. West respectfully requests that the instant motion be granted, or in the alternative, that counsel be granted a continuance of sentencing and leave to submit supplemental briefing.

Respectfully submitted,

Edward C. Meehan, Jr. Esq.
Counsel for Abdul West

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | CRIMINAL NUMBER 18-00249-002 |
| | : | |
| ABDUL WEST | : | |

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE
TO PRECLUDE TESTIMONY AT SENTENCING

In support of the instant motion, Mr. West submits as follows.

I. **The government's prospective witness testimony is not properly admitted pursuant to the Crime Victim's Rights Act.**

The testimony sought to be presented by the government does not fall under the CVRA because Robert Johnson does not meet the definition of "crime victim" under the statute for two reasons. First, the death of Robert Johnson was not a proximate result of the offenses of conviction. Second, the government has not presented sufficient evidence to show that Mr. West had any involvement in Mr. Johnson's death.

    *a.*    *The government cannot establish the harm was a direct and proximate result of the commission of any of the offenses of conviction.*

The Crime Victim Rights Act, ("CVRA"), provides a crime victim the "right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding. 18 U.S.C.A. § 3771(a)(4). A "crime victim" in turn is defined as "a person directly and proximately harmed as a result of the commission of a Federal offense." § 3771(e)(2)(A). To be deemed a crime victim under the Act, there must be direct and

proximate harm resulting from the offense, "encompass[ing] the traditional 'but for' and proximate cause analyses." *In re Rendon Galvis*, 564 F.3d 170, 175 (2d Cir.2009). "The necessary inquiry is a fact-specific one." *Id.*Further, "in determining whether one qualifies as a victim, a sentencing court *can only consider the offense or offenses for which the defendant was convicted.*" *United States v. Battista*, 575 F.3d 226, 231 (2d Cir.2009) (emphasis added). "In making this determination, ... [courts] must (1) look to the offense of conviction, based solely on facts reflected in the jury verdict or admitted by the defendant; and then (2) determine, based on those facts, whether any person or persons were 'directly and proximately harmed as a result of the commission of that Federal offense.'" *In re McNulty*, 597 F.3d 344, 351 (6th Cir. 2010).(internal quotation omitted).

The government alleges that the death of Johnson is a part of the "matter and means" of the charged conspiracy. But nothing in the indictment or in the jury's findings allege or prove anything in that regard. Thus, his death cannot be said to be a part of the offense or proximately caused by the conviction based on facts reflected in the jury verdict. *See e.g. United States v. Giraldo-Serna*, 118 F.Supp.3d 377 (D.D.C.2015)(killing at direction of leader of paramilitary group was neither the direct nor proximate harm of criminal misconduct with which group's leader was charged, based upon leader's role in conspiracy to manufacture and distribute cocaine, given that neither the indictment nor statement of facts supporting guilty plea alleged that leader had used such force in furtherance of the conspiracy).

> b. *Any allegation by the government that Johnson's death was proven to be part of the charged conspiracy will require briefing and a hearing.*

Even if the court were to find the alleged event *could* be deemed part of the conspiracy charged, briefing and argument on what evidence the government purports establishes West's participation in the murder is necessary. As set forth in Mr. West's Sentencing Memorandum,

the allegations put forth by the government regarding the death of Johnson is based solely on the unreliable and self-serving testimony of Dontez Stewart. The gun used to kill Mr. Johnson, was found in Stewart's possession, and the other person Stewart alleges was involved in the crime has never been arrested or charged, despite having given DNA evidence. Stewart's testimony and credibility, moreover, is hopelessly tainted by his interest in securing government favor while facing life imprisonment in the instant case, as well as two separate murder offenses in the Philadelphia Court of Common Pleas.

This Court should elect not to endeavor in a such time-consuming proceeding which, at most might ultimately yield little benefit to the government but tremendous and inflammatory prejudice to Mr. West. Where the process even to determine proximate cause will be so drawn out, a court should elect not to do so, as such proceedings would unnecessarily prolong and complicate the sentencing process. *See United States v. Whipple*, 155 F.Supp.3d 321 (W.D.N.Y.2015)(district court declining to make determination of whether bank customers were "victims" of fraud pursuant to Crime Victims' Rights Act (CVRA), where it was not apparent from record that customers qualified as "victims," and would require further proceedings to make such determination); *United States v. Tonawanda Coke Corp.*, 5 F. Supp. 3d 343, 349 (W.D.N.Y. 2014)(declining to determine whether community members qualified as victims, as such a determination would require significant briefing and testimony, which would greatly affect the ability to impose sentence 'without unnecessary delay,' as required by the Federal Rules of Criminal Procedure.) (quotation marks omitted).

## II.     The government's prospective witness testimony is not properly admitted pursuant to 18 U.S.C. § 3661

The government has asserted that "[e]ven if the Court was not required to hear from the family of Mr. Johnson pursuant to the CVRA, … [p]ursuant to 18 U.S.C. § 3661 there is no

limitation . . . concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider at sentencing." But the point here is that the evidence offered is not "the conduct of [the] person convicted." *Id.* Continuing in this logical fallacy, the government cites to *Pepper v. United States*, 562 U.S. 476, 488 (2011), that "in making a sentencing determination, courts may conduct an inquiry broad in scope, largely unlimited either as to the kind of information [they] may consider, or the source from which it may come" but leaves out that said information must be *"concerning the defendant's life and characteristics." Id.* As the government itself points out, even if failing to recognize the import, "the sentencing guidelines reinforce the court's broad discretion to consider any information, as long as it is *relevant and reliable."See*U.S.S.G. §§ 1B1.4, 6A1.3(a) ("In resolving any dispute concerning a factor important to the sentencing determination, the court may consider *relevant information...*, provided that the information *has sufficient indicia of reliability* to support its probable accuracy.") (emphasis added).

The statements sought to be admitted by the government at sentencing do not relate to Mr. West, and thus, are not relevant, because for the reasons stated above, in Section I(b), *infra.*, the evidence presented by the government to establish a nexus between Stewart's conduct and Mr. West in not reliable or sufficient to meet even a sentencing evidentiary standard.

WHEREFORE, for the foregoing reasons, Mr. West respectfully requests that the instant motion be granted, or in the alternative, that counsel be granted a continuance of sentencing and leave to submit supplemental briefing.

Respectfully submitted,

Edward C. Meehan, Jr. Esq.
Counsel for Abdul West