**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO. 18-249** |
| **ABDUL WEST** | : | |

### GOVERNMENT'S RESPONSE IN OPPOSITION TO THE DEFENDANT'S MOTION IN LIMINE TO PRECLUDE TESTIMONY AT SENTENCING

The United States of America, by its attorneys Jennifer Arbittier Williams, Acting United States Attorney for the Eastern District of Pennsylvania, and Everett Witherell and Timothy M. Stengel, Assistant United States Attorneys for the District, hereby files this Response in Opposition to the Defendant's Motion in Limine to Preclude Testimony at Sentencing.   In his motion, the defendant attempts to relitigate an issue this Court already decided – whether or not the murder of victim R.J. is intrinsic to the drug conspiracy count of conviction.   At trial, this Court correctly found that the murder was indeed intrinsic to the conspiracy and ruled that the jury should hear evidence of this murder during trial.   That evidence included that the defendant ordered a co-conspirator drug trafficker to kill a suspected rival drug dealer, and then the defendant paid the co-conspirator with significant quantities of drugs. The defendant offers no compelling justification as to why this Court's previous findings were erroneous.   At this stage of the proceedings, the law of the case already establishes that the victims of this crime, including R.J.'s family members and representatives, are entitled to speak at the defendant's sentencing under the Crime Victim's Right's Act ("CVRA").   Moreover, this Court should also admit this information at sentencing to assist the Court in discharging its duties under 18 U.S.C. § 3553(a) because the information about the murder informs the Court of the history and characteristics of the defendant and the need for the sentence to reflect the seriousness of the offense.   Accordingly, for the reasons set forth below,

the motion should be denied.

## I.   INTRODUCTION

On August 14, 2019, a federal grand jury returned a sixteen-count Second Superseding Indictment, charging the defendant Abdul West, along with eight others, with conspiracy to distribute 50 grams or more methamphetamine, 5 kilograms or more of cocaine, 280 grams or more of cocaine base ("crack"), and 100 grams or more of heroin in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A) [Count 1]; distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), (b)(1)(C), (b)(1)(D) [Counts 2, 3, 4, 5, 8, 9, 11, and 13]; possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), (b)(1)(B) [Counts 6, 7, and 12]; possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) [Count 15]; and possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) [Counts 10, 14, and 16].   West was specifically charged in Counts 1, 4, 5, 6, and 12 of the Second Superseding Indictment. On November 19, 2019, following a two-and-a-half-week trial, West was convicted of all the counts charged against him in the Second Superseding Indictment.

The sentencing hearing is scheduled for April 15, 2021.

## II.   ARGUMENT

The defendant asks this court to preclude the testimony of family members of murder victim R. J., claiming that the witnesses' testimony cannot be admitted pursuant to the Crime Victim's Rights Act nor pursuant to 18 U.S.C. § 3661.   The defendant's claims are meritless.

### A.   The witnesses are crime victims and have a right to address the Court

The Crime Victim's Rights Act (CVRA) guarantees crime victims the right to be

2

reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding. 18 U.S.C. § 3771(a)(4).   The CVRA defines crime victim as "a person directly and proximately harmed as a result of the commission of a Federal offense."   18 U.S.C. § 3771(e).   Additionally, a deceased crime victim's rights may be asserted by a representative. 18 U.S.C. § 3771(d)(1).

The defendant argues that the witnesses do not meet the definition of "crime victim" because neither the indictment nor the jury verdict establishes any nexus between Mr. West, the offenses of which he was convicted, and the murder of R.J.. The defendant is wrong.

R.J. was directly and proximately harmed as a result of the drug trafficking conspiracy committed by the defendant. The defendant's conspiracy conviction involved a drug trafficking organization (the "OBH" gang) that used firearms and violence to further its drug trafficking activities. As part of the conspiracy, the defendant ordered the murder of R.J., a former OBH member, to further its objectives. The defendant was the leader of OBH and believed that R.J. was involved with rival drug traffickers and was "playing both sides of the fence." (Trial Tr. 191:20-192:13, Nov. 7, 2019.) On the defendant's orders, co-defendant Dontez Stewart, an OBH member, shot R.J. multiple times, killing him. The defendant then paid his co-defendant with about $10,000 worth of drugs in exchange for the murder.

The murder of R.J., and other acts of violence committed by the drug trafficking organization were the   subject of extensive motion practice, litigation, and pre-trial hearings. *See e.g.,* Doc. 352, 393, 394, 395. 396, 397, 404, 407, 410, 413, 452).   The Court ruled that the proffered testimony of Stewart concerning the murder of R. J. was intrinsic evidence or otherwise admissible under Rule 404 (b). (Trial Tr. 259:9-263:2, Nov. 6, 2019.)   Indeed, after the testimony

3

of Stewart, the Court stated the following:

> Next, in reviewing my notes and having heard the testimony and the law, it's my conclusion that the testimony about the murder of [R.J.] is intrinsic to the alleged conspiracy in this case, and I think the evidence, if it was believed by the jury, would be sufficient to find that it was intrinsic.

Trial Tr. 6:9-15, Nov. 12, 2019 (quoting Baylson, J.); *see also United States v. Gibbs*, 190 F.3d 188 (3d Cir. 1999) (holding that defendant's participation in uncharged acts of violence was admissible as direct proof of the conspiracy with which he was charged).   In finding the testimony intrinsic, the Court found that the evidence directly proved or facilitated the charged offense, namely the drug conspiracy charged in Count One. *See e.g., United States v. Green*, 617 F.3d 233, 245 (3d Cir. 2010).

The defendant's argument that the "death cannot be said to be part of the offense or caused by the conviction based on facts reflected in the jury verdict" is simply wrong.   R.J. was murdered at the direction of West, the leader of violent drug trafficking organization, and in furtherance of the conspiracy charged in Count One.   Members of his family have been proximately harmed by the federal drug conspiracy that the defendant has been convicted of and they have a right to be heard both as victims and as representatives of the deceased.

### B.   The Court otherwise has broad discretion to consider information from any source for the purpose of imposing an appropriate sentence

Even if the Court was not required to hear from witnesses pursuant to the CVRA, the Court is well within its discretion to consider their statements for the purpose of imposing an appropriate sentence.   The CVRA does not limit the information the Court may consider at sentencing.   *United States v. Weiner*, No. 12 3374, 2013 U.S. App. LEXIS 6327, at *24 (6th Cir. March 25, 2013) (unpub.); *United States v. Poole,* 241 Fed. Appx. 153, 155 (4th Cir. 2004)

4

(unpub.).

Pursuant to 18 U.S.C. § 3661, there is no limitation . . . concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider at sentencing.  The Supreme Court has commented that in making a sentencing determination, courts may conduct an inquiry broad in scope, largely unlimited either as to the kind of information [they] may consider, or the source from which it may come. *Pepper v. United States*, 131 S. Ct. 1229, 1240 (2011) (internal quotations omitted).  The Sentencing Guidelines reinforce the Court's broad discretion to consider any information, as long as it is relevant and reliable.  U.S.S.G. § 1B1.4, 6A1.3(a).  Even assuming, arguendo, that the witnesses are not "crime victims" according to the CVRA, the Court has broad discretion to consider their statements, which are relevant to understanding the impact that the defendant's crimes had on the them, and to other factors the Court must consider under 18 U.S.C. § 3553(a), such as the history and characteristics of the defendant and the need for the sentence to reflect the seriousness of the offense.

For these reasons, the Court should deny defendant's motion and allow the victims of the defendant's horrific crimes an opportunity to be heard.

Respectfully submitted,

JENNIFER ARBITTIER WILLIAMS
Acting United States Attorney
Eastern District of Pennsylvania


 */s/ Everett Witherell*
EVERETT WITHERELL
TIMOTHY M. STENGEL
Assistant United States Attorneys

Date: April 14, 2021

6

<u>CERTIFICATE OF SERVICE</u>

I certify that on this day I caused a copy of the government's Response in Opposition to

the Defendant's Motion to be served by mail and/or electronic filing on all counsel of record.

 /s/ Everett Witherell
Everett Witherell
Assistant U.S. Attorney

Date: April 14, 2021